Derek Jerome **SINGLETON** et al.,
Plaintiffs-Appellants,

v.

**JACKSON MUNICIPAL SEPARATE SCHOOL DISTRICT** et al.,
Defendants-Appellees.

No. 29226.

United States Court of Appeals,
Fifth Circuit.

July 20, 1970.

———◆———

John A. Nichols, Jackson, Miss., Melvyn R. Leventhal, Reuben V. Anderson, Fred L. Banks, Jr., Jackson, Miss., Jack Greenberg, James Nabrit, III, Norman J. Chachkin, Jonathan Shapiro, New York City, for appellants.

Robert C. Cannada, Jay A. Travis, III, Thomas H. Watkins, Jackson, Miss., for appellees.

Jerris Leonard, Asst. Atty. Gen., Civil Rights Division, U. S. Dept. of Justice, David D. Gregory, Atty., Civil Rights Div., Washington, D. C., amicus curiae.

Before JOHN R. BROWN, Chief Judge, and MORGAN and INGRAHAM, Circuit Judges.

PER CURIAM:

This is an application by the School District to modify in part our mandate in Singleton IV, Singleton v. Jackson Municipal Separate School District, 5 Cir., 1970, 426 F.2d 1364 [No. 29226, May 5, 1970]. There we directed the District Court to select one of the three presently available HEW plans [1] to establish a unitary school system at the secondary level of the Jackson School District. In accordance with that mandate, the District Court held an evidentiary hearing on June 8, 1970 and ordered Plan A be implemented in the District. There was, however, substantial testimony at that hearing by both local school officials and HEW officials that because of population shifts, intervening relocation of portable classrooms, and incomplete information used in the original preparation of the three plans that all three plans would have to be modified to be workable in the 1970–71 school year.

Nevertheless, the District Court, correctly feeling that under the mandate of this Court he had no power to vary the prescribed plan, ordered that Plan A be put into effect without modification on June 15, 1970. HEW was, however, requested to suggest modifications to Plan A that would make the plan more workable for the 1970–1971 school year while retaining the essential elements of the plan to thus bring about a unitary system in the secondary grades. Pursuant to this request HEW proposed modifications to both high schools and junior highs in the District. It suggested one set of modifications for the junior

---

1. The plans were known as Plan A, B, C.

highs.[2] It posed alternative sets of modifications for the high schools which are referred to as Alternate I[3] and Alternate II.[4] HEW advised the District Court that both were consistent with the unitary system and retained the essential elements of the original Plan A.

Under our mandate of May 5, 1970 the School District was ordered to notify parents of assignments by July 1, 1970.[5]

**2.** The projected enrollment under the HEW modifications at junior high level is shown below:

### JUNIOR HIGH SCHOOL MODIFICATION
### COMPOSITE BUILDING INFORMATION FORM

| | | Capacity | | Students | | |
|---|---|---|---|---|---|---|
| Name of School | Grades | Perm. | W. Ports. | W | N | T |
| Whitten | 7–9 | 868 | | 629 | 293 | 922 |
| Peeples | 7–9 | 1286 | | 898 | 354 | 1252 |
| Blackburn | 7–9 | 1041 | | 81 | 941 | 1022 |
| Hardy | 7–8 | 1062 | 1140 | 572 | 562 | 1134 |
| Enochs | 9 | 519 | 675 | 223 | 341 | 564 |
| Bailey | 7–8 | 1000 | | 334 | 626 | 960 |
| Rowan | 9 | 840 | | 135 | 281 | 416 |
| Chastain | 7–8 | 1200 | 1300 | 693 | 569 | 1262 |
| Powell | 9 | 1364 | 1478 | 453 | 419 | 872 |
| Callaway** | 7–8 | 257/ 1010 | 257/ 1166 | 272 | 298 | 570 |
| Special Education* | | | | 48 | 83 | 131 |
| Total | | | | 4338 | 4767 | 9105 |

*Blackburn, Enochs, Rowan, Powell, Whitten
**Approximately 7 additional portables will be required at Callaway

**3.** Under HEW Alternate I the projected enrollment is:

### HIGH SCHOOL MODIFICATION
### ALTERNATE I
### COMPOSITE BUILDING INFORMATION FORM

| | | Capacity | | Students | | |
|---|---|---|---|---|---|---|
| Name of School | Grades | Perm. | W. Ports. | W | N | T |
| Hill | 10 | 894 | | 294 | 158 | 452 |
| Wingfield | 11–12 | 1036 | | 617 | 275 | 892 |
| Central | 10 | 980 | | 335 | 254 | 589 |
| Provine | 11–12 | 1114 | | 737 | 392 | 1129 |
| Brinkley | 10 | 1018 | | 504 | 463 | 967 |
| Callaway | 11–12 | 1166 | | 529 | 380 | 909 |
| Murrah | 11–12 | 1092 | | 529 | 406 | 935 |
| Lanier | 10–12 | 1412 | | 185 | 822 | 1007 |

**4.** The projected enrollment under Alternate II is:

### HIGH SCHOOL MODIFICATION
### ALTERNATE II
### COMPOSITE BUILDING INFORMATION FORM

| | | Capacity | | Students | | |
|---|---|---|---|---|---|---|
| Name of School | Grades | Perm. | W. Ports. | W | N | T |
| Hill | 10 | 894 | | 294 | 138 | 432 |
| Wingfield | 11–12 | 1036 | | 617 | 235 | 852 |
| Central | 10–12 | 980 | | 381 | 413 | 794 |
| Lanier | 10–12 | 1412 | | 185 | 871 | 1056 |
| Provine | 10–12 | 1114 | | 698 | 377 | 1075 |
| Brinkley | 10 | 1018 | | 507 | 475 | 972 |
| Callaway | 11–12 | 1166 | | 529 | 380 | 909 |
| Murrah | 11–12 | 1092 | | 529 | 406 | 935 |

**5.** No modification was made in parent notices for elementary grades under the plan now before us on appeal but not decided here.

Since student assignments on "pure" Plan 'A' would have to be redone shortly if modifications were allowed, the School District sought and obtained from this Court a stay of the student assignment notices until we could have the recommendations of the District Court as to either Alternates I or II. Responding in like fashion to the exigencies, Judge Russell, having direct supervision of this problem, held an informal hearing and entered a supplemental order on July 1, 1970 recommending that Alternate II be adopted for the high school level.

With this extraordinary action by the District Judge in making a prompt and expeditious determination of these modifications and with the utmost of cooperation and diligence of counsel, we are able to enter this order, knowing that time is important to administrators, parents, and students. We accept the recommendations of the District Court to modify the original HEW Plan A as to the junior high level and adopt the District Court's recommendation for modification of Alternate II at the high school level.

Plaintiffs originally objected to any modification in HEW's original Plan A. It was their contention that the modification was in essence a return to the pre-*Singleton IV* school board plan. Our review of and comparison of the plans convinces us, however, that this is clearly not the case.[6] Moreover, it was amply demonstrated both by HEW officials and by local school personnel that modifications were necessary. Indeed, Plaintiffs now virtually concede that changes were necessary in the original HEW Plan A at least to alleviate some severe overcrowding resulting under that plan and to clarify the role of the Vocational Training Center high schools—magnet schools—that were established under Plan A.

As an alternate, Plaintiffs contend that if modifications are to be made that the modifications be those tentatively proposed in an informal "observation" by Dr. H. L. Winecoff, furnished to Court and counsel between the June 15, 1970 order and the HEW proposed Alternate I and II to Plan A. But the cogency of this position is drastically reduced because Dr. Winecoff was the head of the HEW team which within a week or so prepared the modifications adopted by the District Court and because he prepared these modifications, not as tentative suggestions as those Plaintiffs recommend, but after further review of the School District's physical capacity and the necessities of operating the School District.

6. The enrollment under the Board's pre-*Singleton IV* plan was:

| "Secondary | Negro | Other | Total |
|---|---|---|---|
| Bailey | 514 | 408 | 922 |
| Blackburn | 593 | 34 | 627 |
| Chastain | 523 | 660 | 1183 |
| Enochs | 562 | 101 | 663 |
| Hardy | 424 | 758 | 1182 |
| Peeples | 218 | 864 | 1082 |
| Powell | 796 | 673 | 1469 |
| Rowan | 609 | 31 | 640 |
| Whitten | 346 | 579 | 925 |
| Brinkley | 1076 | 2 | 1078 |
| Callaway | 86 | 1027 | 1113 |
| Central | 192 | 564 | 756 |
| Hill | 376 | 50 | 426 |
| Lanier | 713 | 7 | 720 |
| Murrah | 180 | 864 | 1044 |
| Provine | 278 | 637 | 915 |
| Wingfield | 51 | 897 | 948 |
| | 7537 | 8156 | 15693" |

See *Singleton IV, supra* at 426 F.2d p. 1371 [No. 29226], Appendix B.

Of the two alternates for the high school level, Plaintiffs seem to prefer Alternate I. But the school attendance figures under both modifications are very similar. See notes 3 and 4, *supra*.

The only significant difference in the two alternates is that under Alternate I there are three 10th grade centers, Hill, Provine, Brinkley, while under Alternate II there are only two such 10th grade centers, Hill and Brinkley. The difference is in the grade structure of Central and Provine schools. Under Alternate I, Central High is a 10th grade center and Provine is an 11th and 12th grade school. Under Alternate II, both schools are 10–12 grade schools. For ease of comparison, the projected attendance figures for these schools are set out below.

| Name of School | Grades | Capacity | | Students | | |
| | | Perm. | W. Ports. | W | N | T |
| --- | --- | --- | --- | --- | --- | --- |
| | | *Alternate I* | | | | |
| Central | 10 | 980 | | 335 | 254 | 589 |
| Provine | 11–12 | 1114 | | 737 | 392 | 1129 |
| | | *Alternate II* | | | | |
| Provine | 10–12 | 1114 | | 698 | 377 | 1075 |
| Central | 10–12 | 980 | | 381 | 413 | 794 |

Since the schools have essentially the same attendance patterns for both alternates, this is not the time for this Court to make the choice of grade structures. The local school officials under the careful guidance of the District Court are to make such decisions as long as the unitary goal for the system is achieved.

There is a minor criticism by the Plaintiffs in their objection to the zoning of students into Lanier High School, the only magnet school under the modifications. Such zoning is characteristic of both Alternates I and II and undoubtedly the racial composition of Lanier High School provokes significant concern under both alternates. Plaintiffs contend that no student should be zoned at Lanier and that it should serve only as a magnet-vocational training center. It is apparent, however, that at this time it was reasonable that some students had to be zoned into Lanier in order to relieve capacity problems of the original HEW plan. Although close attention must be given to Lanier School throughout the 1970–71 school year and in the future, we cannot say that its racial composition destroys the unitary character of the school system.

We thus approve the HEW Alternate II modifications to Plan A and our mandate is altered accordingly.[7] This is not, however, to declare that the system is a unitary one for all time. The record indicates that about 10% of the students move each year and that there has been a continuing shift in the demographic patterns in the city. As a result, great care will have to be taken to insure that such schools as Blackburn Junior High (see note 2, *supra*) and Lanier High School[8] (see note 4, *supra*)

7. The notification date for pupil assignment is now fixed at July 29, 1970. Unsatisfactory as it is, there might be need for some revisions in junior high assignments to the extent changes, if any, occur in our disposition of the appeal on elementary grades as they might feed into the junior high system.

8. Lanier is to be the only school offering vocational education at the high school level. Thus auto-mechanics, computer operation, ROTC, and other such courses are all to be offered there.

are maintained as integrated facilities. See Hightower v. West, 5 Cir., 1970, 430 F.2d 552. One step that should be considered is the enlargement of Lanier's ability to accommodate vocational programs. This might be done by the reduction of the number of Negro students zoned into the school.