**J. L. DEW, President of Mullins Warehouse Association, Petitioner,**

v.

**Clifford M. HARDIN, Secretary of Agriculture, Respondent.**

**No. 15023.**

United States Court of Appeals, Fourth Circuit.

Oct. 22, 1970.

Eugene N. Zeigler, Florence, S. C., for appellant.

Alan S. Rosenthal and Judith S. Seplowitz, Washington, D. C., for appellee.

Before BRYAN, WINTER and CRAVEN, Circuit Judges.

PER CURIAM:

The petitioner filed a petition for review under Rule 15 of the Federal Rules of Appellate Procedure requesting this court to review a decision of the Secretary of Agriculture made pursuant to the provisions of the Tobacco Inspection Act. 7 U.S.C. §§ 511–511q (1964). The respondent moved to dismiss the petition for lack of jurisdiction.

 Since there is no special statute conferring jurisdiction on this court to review the decision in question, the petitioner must look to the Administrative Procedure Act, 5 U.S.C. §§ 701–706 (Supp. V, 1969), to find support for his claim that this court does have jurisdiction. 5 U.S.C. § 703 provides that, in the absence of a special statutory review, "[t]he form of proceeding for judicial review is * * * any applicable form of legal action * * * in a court of competent jurisdiction". The petitioner asserts that Rule 15 is a form of legal action within the meaning of 5 U.S.C. § 703. Rule 15, however, confers no jurisdiction on the court of appeals. It merely prescribes the procedure for reviewing agency orders by "a court of appeals which is authorized to review such order[s]". Since the petitioner is unable to cite, and we are unable to find, any statute, general or specific, that would make this court a court of competent jurisdiction within the meaning of 5 U.S.C. § 703, his action must fail for want of jurisdiction.

Dismissed.