Derek Jerome SINGLETON et al., Plaintiffs,

v.

JACKSON MUNICIPAL SEPARATE SCHOOL DISTRICT, Defendant-Appellee,

v.

Thomas Arny RHODEN and Honorable Robert A. Biggs, Jr., et al., Defendants-Appellants.

No. 71–3520.

United States Court of Appeals, Fifth Circuit.

Feb. 26, 1975.

Heber Ladner, Jr., Sp. Asst. Atty. Gen. of Miss., William A. Allain, Asst. Atty. Gen., A. F. Summer, Atty. Gen. of Miss., Jackson, Miss., for defendants-appellants.

George P. Hewes, III, Richard W. Dortch, Jackson, Miss., for defendant-appellee.

Before BROWN, Chief Judge, and MORGAN and GEE, Circuit Judges.

JOHN R. BROWN, Chief Judge.

In this case, that has now become Singleton VII [1] in a controversy spanning

1. The first Fifth Circuit decision in this case was rendered on February 14, 1964, Evers v. Jackson Municipal Separate School Dist., 328 F.2d 408, reinstating the cause and enjoining the school district from segregation of the races. The six decisions of the Fifth Circuit following this original decision all dealt with the approval or disapproval of proposed solutions to completely desegregate the Jackson Municipal Separate School District. Singleton v. Jackson Municipal Separate School District, 5 Cir., 1965, 348 F.2d 729 (Singleton

eleven and a half years, the litigation concerning the desegregation of the Jackson Municipal Separate School District has now hopefully approached an end.

The present appeal is brought by the state defendants[2] from an order of the District Court of October 19, 1971 enjoining them as state officials from withholding state funds appropriated to the Jackson Municipal Separate School District.

The class plaintiffs, the court-appointed bi-racial committee, and the defendant school board agreed upon, and the District Court approved, a plan for desegregation—a portion of which necessitated some intra-city bussing. Because of this bussing requirement, an Executive Order of the Governor of Mississippi, September 11, 1971, was issued withholding appropriated funds from the school district.

After the Executive Order was issued withholding funds, the school board moved—and the District Court granted the motion—that the state officials involved in the Executive Order be made party-defendants and that they be enjoined from carrying out the Executive Order, 332 F.Supp. at 985. The state officials, and not the school board,[3] are the only appellants here. We find no merit in the state's appeal and affirm the District Court's order.

The statute on which the Governor's Executive Order relied is § 6336–04 of the Mississippi Code of 1942, providing that pupils who live within the corporate limits of a municipality and who are assigned to a school in the municipality shall not be considered as eligible for school transportation. Concluding that the intra-city bussing portion of the integration plan was in direct conflict with § 6336–04, the Governor issued the Order to withhold state funds from the school district.

■ The District Court, however, found it unnecessary to deal with the conflict between the state statute and the adopted integration plan since upon extensive factual hearings the Court determined that the school board had not spent and did not contemplate spending any funds derived from state sources on intra-city transportation. The District Judge was clearly right. The school district produced overwhelming evidence that the bussing was and will be provided for from accumulated reserves and a separate transportation account funded solely by local income. And the Court properly held that expenditure of funds derived from sources other than the minimum education (state funds) was committed to the discretion of the school board. See also § 6411–10.

Since the District Court found that state funds were not being used for intra-city bussing, the Court was not compelled to decide the constitutionality of the state statute. The District Court's order, then, merely enjoined the state from interferring with the school board's use of non-state derived funds to pay for intra-city bussing—a necessary part of the agreed District Court's plan in fashioning a decree to desegregate the school system. Such a transportation scheme in the desegregation of schools has been approved by the Supreme Court when stu-

I); 5 Cir., 1966, 355 F.2d 865 (Singleton II); 5 Cir., 1970, 419 F.2d 1211 (en banc) (Singleton III); 5 Cir., 1970, 426 F.2d 1364 (Singleton IV); 5 Cir., 1970, 430 F.2d 368 (Singleton V); and 5 Cir., 1970, 432 F.2d 926 (Singleton VI).

A history of the Singletons and the importance of each decision is recorded in the District Court's opinion from which this appeal is taken. Singleton v. Jackson Municipal Separate Dist., S.D.Miss., 1971, 332 F.Supp. 984, 985–86.

2. The state officials named as defendants and involved in withholding funds are Thomas Arny Roden, Chairman of the State Tax Commission; James Monroe Walker, Associate Commissioner of the State Tax Commission; Robert A. Biggs, Jr., Associate Commissioner of the State Tax Commission; L. G. Holyfield, Secretary of the State Tax Commission; W. Hampton King, State Auditor of Public Accounts and Chief Executive Officer of the State Department of Audit; and Hon. A. F. Summer, Attorney General.

3. The school board of the Jackson Municipal Separate School District has been a defendant in this suit from its inception.

dents are required to attend schools outside their neighborhoods. Swann v. Charlotte-Mecklenburg Board of Education, 1971, 402 U.S. 1, 91 S.Ct. 1267, 28 L.Ed.2d 554.

The present agreed school plan as designed and promulgated by the school district bears the approval and endorsement of the District Court. Further, the record fully supports a conclusion that the transportation feature of the plan was arrived at through considerable discussion. Consequently, we reject the State's subsidiary contention that the District Judge was in error in concluding that transportation was essential to achieving unitary status and its related alternative argument that the bussing should be less. We agree with the District Court's assessment, 332 F.Supp. at 987, and find no merit in the argument. The District Judge had ample basis for his decision and we, therefore, affirm.

Affirmed.