Fannie B. DILLARD, Petitioner,

v.

**UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, Respondent.**

No. 76–1661.

United States Court of Appeals, Fourth Circuit.

Submitted Dec. 6, 1976.

Decided Feb. 9, 1977.

Robert M. Bryant, Winston Salem, N. C., for petitioner.

N. Carlton Tilley, Jr., U. S. Atty., Greensboro, N. C., Morton Hollander and Karen K. Siegel, Attys., App. Section, U. S. Dept. of Justice, Washington, D. C., for respondent.

Before BOREMAN, Senior Circuit Judge, and WINTER and CRAVEN, Circuit Judges.

PER CURIAM:

Petitioner, Fannie B. Dillard, filed a petition for review requesting this court to review a determination by the Area Director of the Department of Housing and Urban Development made pursuant to the provisions of the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4601, *et seq.* The respondent moved to dismiss the petition for lack of jurisdiction and the petitioner submitted a reply in opposition to the motion to dismiss.

 The courts of appeal are not courts of general jurisdiction; they have only the jurisdiction specifically conferred upon them by acts of Congress. *Arizona State Dep't of Pub. Welfare v. HEW,* 449 F.2d 456, 463 (9 Cir. 1971), *cert. denied,* 405 U.S. 919, 92 S.Ct. 945, 30 L.Ed.2d 789 (1972). In the instant case, petitioner contends that jurisdiction can be based on regulations implementing 42 U.S.C. § 4601 which provide that a claimant should not be limited or precluded from seeking judicial review or receiving a fair and impartial consideration of his claim on its merits upon the exhaustion of administrative remedies. 24 C.F.R. § 42.290 (1976). This section, however, does not support the maintenance of this action in the court of appeals; it does not specifically confer jurisdiction on this court.

Nor can jurisdiction be based under the provisions of the Administrative Procedure Act, 5 U.S.C. §§ 701–706. Title 5 U.S.C. § 703 provides that in the absence of a special statutory review, "[t]he form of the proceeding for judicial review is . . . any applicable form of legal action . . . in a court of competent jurisdiction." This provision for review is not addressed to appellate court review and the court of appeals is not a court of competent jurisdiction unless specifically authorized by a statutory grant of power. *School Bd. of Broward County v. HEW,* 475 F.2d 1117 (5 Cir.

1973); *Arizona State Dep't of Pub. Welfare v. HEW, supra,* 449 F.2d at 464.

Furthermore, authorization for jurisdiction cannot be based on Rule 15 of the Federal Rules of Appellate Procedure. Rule 15 does not confer jurisdiction on the court of appeals. Rather Rule 15 addresses the procedures to be utilized in reviewing agency orders where a court of appeals has been given the requisite authority. *Dew v. Hardin,* 432 F.2d 926 (4 Cir. 1970).

Accordingly, the petition for review is dismissed for lack of jurisdiction without prejudice to a request by petitioner for relief in the district court.

*Petition Dismissed.*