818 F.2d 28
 55 USLW 2654
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Eary O. ADKINS, Petitioner,
v.
BOARD OF GOVERNORS OF the FEDERAL RESERVE SYSTEM, Respondent.
 No. 86-3853.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 2, 1987.
Decided April 28, 1987.
 
 Before WIDENER and ERVIN, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 Carl E. McAfee; Cline, McAfee and Adkins, on brief, for petitioner.
 Richard K. Willard, Assistant Attorney General, Civil Division, Department of Justice; Michael Bradfield, General Counsel; Richard M. Ashton, Associate General Counsel; Kevin J. Handly; Douglas B. Jordan, on brief, for respondent.
 PER CURIAM:
 
 
 1
 Petitioner Adkins is chief executive officer and a director of the Miners Exchange Bank in Coeburn, Virginia. On May 8, 1985, he received a notice[1] from the Federal Reserve Board (FRB) which threatened the imposition of a penalty of $10,000 on him for violating the insider lending provisions of the Federal Reserve Act.[2] The charges against Adkins detailed over one hundred occasions on which he incurred (and presumably covered) overdrafts against his account, ranging from $175 to $3,186. Adkins was also charged with obtaining credit from the bank in the amounts of $73,750 and $30,648 without documentation or approval from the board of directors.
 
 
 2
 The notice gives a ten-day period within which the recipient can request a hearing. It also advises the recipient that such a hearing will be conducted in accordance with the FRB's procedural rules, and that failure to request a hearing would make the notice a final and unappealable assessment order. See 12 U.S.C. Sec. 514 (c) (1982).
 
 
 3
 Adkins requested a hearing on the last possible day, May 18, 1985. The FRB issued an Order for Hearing on August 9, 1985, designating the time and place for the hearing and directing Adkins to file an answer to the allegations in the notice within twenty days. The twenty-day period is required by FRB regulations. See 12 C.F.R. Sec. 263.5(a) (1986). The effect of failure to file an answer is also set out in the regulations:
 
 
 4
 (d) Effect of failure to answer. Failure of a party to file an answer required by this section within the time provided shall constitute a waiver of his right to appear and contest the allegations of the notice of hearing and shall constitute authorization for the presiding officer, without further notice to the party, to find the facts to be as alleged in the notice and to file with the Secretary a recommended decision containing such findings and appropriate conclusions. The Board or the presiding officer may, for cause shown, permit the filing of an answer after the prescribed time.
 
 
 5
 Id. Sec. 263.5 (d) (1986) .
 
 
 6
 The twenty days expired on September 1, 1985 (allowing an extra three days for mailing), which was a Sunday, so the deadline fell on Monday, September 2, 1985. As of the next Monday, September 9, Adkins had not filed his answer. Accordingly, the FRB counsel filed a motion requesting that a default order be entered and recommending a decision against Adkins.
 
 
 7
 The assigned administrative law judge issued an order on September 12, 1985, declaring that Adkins had waived his right to a hearing by failing to file an answer to the notice, finding the facts to be as alleged in the notice, and recommending imposition of the $10,000 penalty. Adkins, by letter, moved on September 19 to set aside the default order and decision. He did not include an answer to the notice at that time, did not request an extension to file an answer, and gave no explanation for his failure to file an answer. The FRB issued an order on April 24, 1986, denying Adkins' motion and adopting the administrative law judge's recommendation. Adkins thereupon appealed to this court.
 
 
 8
 We hold that this court lacks jurisdiction over this appeal. The statute granting judicial review of FRB decisions provides that:
 
 
 9
 Any ... person against whom an order imposing a civil money penalty has been entered after agency hearing under this section may obtain review by the United States court of appeals for the circuit in which the home office of the member bank is located.... The findings of the ... Board ... shall be set aside if found to be unsupported by substantial evidence as provided by section 706 (2) (E) of Title 5.
 
 
 10
 12 U.S.C. Sec. 504 (d) (1982) (emphasis added) . The jurisdictional question before us is whether, on these facts, we can say that a penalty was imposed "after agency hearing." The subsection immediately preceding Sec. 504 (d) makes clear the limited nature of our jurisdiction over FRB assessments:
 
 
 11
 The agency determination shall be made by final order which may be reviewed only as provided in subsection (d) of this section. If no hearing is requested as herein provided, the assessment shall constitute a final and unappealable order.
 
 
 12
 12 U.S.C. Sec. 504 (c) (1982) (emphasis added) . If no hearing is requested, the order is unappealable and there is no federal court jurisdiction.
 
 
 13
 Generally, jurisdiction to review agency decisions must be conferred specifically by Congress. See, e.g., Dillard v. United States Department of Housing and Urban Development, 548 F.2d 1142, 1143 (4th Cir. 1977). Here, the statute confers jurisdiction on the courts of appeal only "after agency hearing" and the last sentence in the relevant subsection contemplates review of "findings" by the FRB based on substantial evidence.
 
 
 14
 In this case, there has been no hearing and no chance to develop evidence. A hearing was initially requested, but Adkins failed to take the steps necessary to perfect his right to a hearing. The statute does not contemplate review in such a situation. Adkins was on notice of the requirement that he file an answer. By refusing to do so, Adkins failed to exhaust his administrative remedies. To assert jurisdiction under these circumstances would allow him to circumvent agency procedure. This sort of circumvention is not tolerated absent some compelling reason for the failure to follow agency rules. See, e.g., Whitney National Bank v. Bank of New Orleans, 379 U.S. 411, 419-22 (1965); Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50-51 (1938). Adkins having offered no reason for his delinquency, we order the case
 
 
 15
 DISMISSED FOR LACK OF JURISDICTION.
 
 
 
 [1]
 The notice was formally designated a "Notice of Assessment of Civil Money Penalty", and was issued pursuant to Sec. 29 of the Federal Reserve Act, 12 U.S.C. Sec. 504 (a) (1982)
 
 
 [2]
 12 U.S.C.A. Sec.Sec. 375a, 375b (West Supp. 1986), as implemented in Regulation O, 12 C.F.R. Sec.215 (1986)