**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-1582

ERIC FLORES,

    Petitioner,

   v.

UNITED STATES DEPARTMENT OF EDUCATION, Attorney Rhonda
Jackson; UNITED STATES DEPARTMENT OF JUSTICE, United States
Attorney General,

    Respondents.

On Petition for Review of an Order of the Department of
Education.

Submitted: July 18, 2014    Decided: August 21, 2014

Before WILKINSON and GREGORY, Circuit Judges, and DAVIS, Senior
Circuit Judge.

Petition denied in part and dismissed in part by unpublished per
curiam opinion.

Eric Flores, Petitioner Pro Se. Dennis John Dimsey, Christopher
Chen-Hsin Wang, UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C., for Respondents.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Flores has filed a self-styled petition for review of an agency order, alleging discrimination and retaliation by certain members of the faculty and administration of the University of Texas at El Paso ("UTEP") and that the United States Department of Education ("Department") did not properly review and investigate his claims of discrimination and retaliation, thereby preventing the issuance of sanctions against the faculty members for their alleged failures to comply with Title VI of the Civil Rights Act of 1964 ("the Act"), 42 U.S.C. §§ 2000d to 2000d-7 (2012). Flores seeks an order (1) prohibiting the UTEP faculty members from retaliating against him; (2) directing the Deputy Assistant Secretary for Enforcement of the Department to impose sanctions against UTEP and the UTEP faculty members; (3) admonishing an investigative attorney with the Department's Office for Civil Rights ("OCR") in Dallas, Texas, for her alleged failure to comply with Title VI of the Act; and (4) referring his complaints to the Department of Justice. Flores also seeks review of the OCR's dismissal of his complaints of discrimination and retaliation. Respondents move to dismiss the petition for review. We deny in part and dismiss in part the petition for review.

Although Flores' petition is styled as a petition for review of an agency order, Flores' requests for relief take the

form of a writ of mandamus or a writ of prohibition.  Writs of mandamus and prohibition are drastic remedies to be used only in extraordinary circumstances.  Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976) (writ of mandamus); In re Vargas, 723 F.2d 1461, 1468 (10th Cir. 1983) (writ of prohibition).  Relief under these writs is available only when the party seeking relief shows that his right to relief "is clear and indisputable," United States v. Moussaoui, 333 F.3d 509, 517 (4th Cir. 2003) (internal quotation marks omitted), and that he has "no other adequate means to attain the relief he desires."  Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980).  The relief Flores seeks is not available by way of mandamus or prohibition. We therefore grant leave to proceed in forma pauperis and deny this portion of the petition for review.

Flores also seeks review of the OCR's dismissal of his complaints of retaliation and discrimination.  In the motion to dismiss the petition for review, Respondents argue that we lack jurisdiction to review the OCR's dismissal decision.

"Federal courts are courts of limited jurisdiction" possessing "only that power authorized by Constitution and statute."  Robb Evans & Assocs., LLC v. Holibaugh, 609 F.3d 359, 362 (4th Cir. 2010) (internal quotation marks omitted).  The burden of establishing subject matter jurisdiction in this court is on Flores, the party asserting it.  Id.  Contrary to Flores'

3

assertions, the regulations implementing Title VI of the Act on which he relies, 34 C.F.R. Pt. 100 (2013), do not confer jurisdiction on this court to review dismissals by the OCR of complaints of discrimination and retaliation, and jurisdiction cannot be based on the provisions of the Administrative Procedure Act, 5 U.S.C. §§ 701-06 (2012). Further, insofar as Flores relies on Rule 15 of the Federal Rules of Appellate Procedure as a basis for jurisdiction, the rule does not confer appellate jurisdiction but, rather, addresses the procedures to be utilized in reviewing agency orders where a court of appeals is authorized by statute to review final agency determinations, Dillard v. U.S. Dep't of Hous. & Urban Dev., 548 F.2d 1142, 1143 (4th Cir. 1977) (per curiam), an authorization that is lacking in this case. We thus lack jurisdiction to review the OCR's decision to dismiss Flores' complaints and grant Respondents' motion to dismiss this portion of the petition for review.[*]

Accordingly, we deny in part and dismiss in part the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the

---

[*] Insofar as Flores also may be seeking review of the OCR's denial of his administrative appeal, we conclude we lack jurisdiction to review that decision for the same reasons we lack jurisdiction to review the OCR's dismissal decision.

4

materials before this court and argument would not aid the decisional process.

<u>PETITION DENIED IN PART</u>
<u>AND DISMISSED IN PART</u>