**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1974**

ERIC FLORES,

Petitioner,

v.

UNITED STATES DEPARTMENT OF EDUCATION,

Respondent.

On Petition for Review of an Order of the Department of Education.

Submitted:  October 15, 2015            Decided:  October 19, 2015

Before WILKINSON, AGEE, and HARRIS, Circuit Judges.

Petition denied in part and dismissed in part by unpublished per curiam opinion.

Eric Flores, Petitioner Pro Se.  Mark L. Gross, Christopher Chen-Hsin Wang, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Flores, a resident of El Paso, Texas has filed a self-styled petition for review of an agency order, alleging discrimination and retaliation by certain members of the faculties of the University of Texas at El Paso (UTEP) and Austin Community College (ACC) and that the United States Department of Education (Department) did not properly review and investigate his claims of discrimination and retaliation. Flores seeks an order from this court compelling the Deputy Assistant Secretary for Enforcement of the Department to prohibit UTEP and ACC faculty members from further discriminating and retaliating against him and to reinstate him as a student at both UTEP and ACC. Flores also seeks review of alleged dismissals of his complaints of discrimination and retaliation by the Department's Dallas, Texas, Office for Civil Rights (OCR). Respondent moves to dismiss the petition for review. We deny in part and dismiss in part the petition for review.

Although Flores' petition is styled as a petition for review of an agency order, Flores' requests for relief with respect to the UTEP and ACC faculty members and reinstatement as a student take the form of a petition for a writ of mandamus or a writ of prohibition. Writs of mandamus and prohibition are drastic remedies to be used only in extraordinary circumstances.

2

Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976) (writ of mandamus); In re Vargas, 723 F.2d 1461, 1468 (10th Cir. 1983) (writ of prohibition). Relief under these writs is available only when the party seeking relief shows that his right to relief "is clear and indisputable," United States v. Moussaoui, 333 F.3d 509, 517 (4th Cir. 2003) (internal quotation marks omitted), and that he has "no other adequate means to attain the relief he desires." Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). The relief Flores seeks with respect to the UTEP and ACC is not available by way of mandamus or prohibition. We therefore deny this portion of the petition for review.

Flores also seeks review of the Dallas OCR's alleged dismissals of his complaints of discrimination and retaliation. In the motion to dismiss the petition for review, Respondent argues that we lack jurisdiction to review the OCR's alleged dismissal decisions.

"Federal courts are courts of limited jurisdiction" possessing "only that power authorized by Constitution and statute." Robb Evans & Assocs., LLC v. Holibaugh, 609 F.3d 359, 362 (4th Cir. 2010) (internal quotation marks omitted). The burden of establishing subject matter jurisdiction in this court is on Flores, the party asserting it. Id. Contrary to Flores' assertions, the regulations on which he relies,

3

34 C.F.R. Pt. 100 (2015), do not confer jurisdiction on this court to review the Dallas OCR's alleged dismissals of his complaints, and jurisdiction cannot be based on the provisions of the Administrative Procedure Act, 5 U.S.C. §§ 701-06 (2012). Further, insofar as Flores relies on Rule 15 of the Federal Rules of Appellate Procedure as a basis for jurisdiction, the rule does not confer appellate jurisdiction but, rather, addresses the procedures to be utilized in reviewing agency orders where a court of appeals is authorized by statute to review final agency determinations, Dillard v. U.S. Dep't of Hous. & Urban Dev., 548 F.2d 1142, 1143 (4th Cir. 1977) (per curiam), an authorization that is lacking in this case. We thus lack jurisdiction to review the Dallas OCR's alleged dismissals of Flores' complaints and grant Respondent's motion to dismiss this portion of the petition for review.

Accordingly, we deny in part and dismiss in part the petition for review. We deny Flores' motions for judicial notice and for a preliminary injunction and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED IN PART
AND DISMISSED IN PART

4