Hycle L. NOLAND, Petitioner,

v.

UNITED STATES CIVIL SERVICE COMMISSION et al., Respondents.

No. 76–1720.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 22, 1976.

Decided Nov. 4, 1976.

Frank D. Covell, Mission, Kan., for petitioner.

Mark N. Mutterperl and Ronald R. Glancz, Attys., Appellate Section, Civ. Div., Dept. of Justice, Washington, D.C., for respondents.

Before LAY, ROSS and WEBSTER, Circuit Judges.

PER CURIAM.

Hycle L. Noland has petitioned this court for direct review of an order of the United States Civil Service Commission approving a reduction in force at the Lake City Ammunition Plant in Independence, Missouri. The United States Civil Service Commission and the Federal Employees Appeals Authority, respondents herein, have moved to dismiss the petition for review for want of jurisdiction.

On July 21, 1976, the Federal Employees Appeals Authority, which has authority to make final decisions on appeals to the United States Civil Service Commission, *see* 5 C.F.R. §§ 772.101, *et seq.*, filed an order denying petitioner's claim concerning a reduction in force action at the Lake City plant. Having exhausted his administrative remedies, petitioner then filed a petition for review in this court.

 The jurisdiction of the courts of appeals to review orders rendered by administrative agencies is wholly dependent upon statute. *See American Federation of Labor v. NLRB,* 308 U.S. 401, 404, 60 S.Ct. 300, 84 L.Ed. 347 (1940); *Turkel v. FDA,* 334 F.2d 844, 846 (6th Cir. 1964), *cert. denied,* 379 U.S. 990, 85 S.Ct. 704, 13 L.Ed.2d 611 *rehearing denied,* 380 U.S. 927, 85 S.Ct. 886, 13 L.Ed.2d 815 (1965). In the present case petitioner cites no special statute conferring jurisdiction on this court to review the decision in question, *see* 5 U.S.C. § 7701 (appeals of preference eligibles); 5 U.S.C. §§ 3501–84 (retention preference, restoration, and reemployment of federal employees), nor has this court found one. Petitioner relies upon the Federal Rules of Appellate Procedure, Rule 15, in support of his claim that this court has jurisdiction. The claim is wholly without merit. Rule 15 merely prescribes the procedure for reviewing administrative orders by a court of appeals which is otherwise authorized to review such orders. *See Dew v. Hardin,* 432 F.2d 926 (4th Cir. 1970); Fed.R.App.P. 1(b).

Similarly, the Administrative Procedure Act, 5 U.S.C. §§ 701–706, which provides for judicial review of agency orders in the absence of a specific statute, does not authorize the court of appeals to hear petitions for direct review of Civil Service Commission orders. It is well established that Section 703, which provides for review by "any applicable form of legal action, including actions for declaratory judgments or writs of prohibitory or mandatory injunction or habeas corpus, in a court of competent jurisdiction," does not confer upon a court of appeals any additional jurisdiction not expressly authorized by a statutory grant of power. *See In re School Board of Broward County,* 475 F.2d 1117 (5th Cir. 1973); *Arizona State Dept. of Public Welfare v. HEW,* 449 F.2d 456, 464 (9th Cir. 1971), *cert. denied,* 405 U.S. 919, 92 S.Ct. 945, 30 L.Ed.2d 789 (1972); *Magnolia Petroleum Co. v. FPC,* 236 F.2d 785, 793 (5th Cir. 1956), *cert. denied,* 352 U.S. 968, 77 S.Ct. 356, 1 L.Ed.2d 322 (1957); *Kansas City Power & Light Co. v. McKay,* 96 U.S.App. D.C. 273, 225 F.2d 924, 932–33, *cert. denied,* 350 U.S. 884, 76 S.Ct. 137, 100 L.Ed. 780 (1955). *See also Rettinger v. FTC,* 392 F.2d 454, 457 (2d Cir. 1968).

The petition for review is ordered dismissed for lack of jurisdiction.