**ROSENTHAL & COMPANY, Petitioner,**

v.

**COMMODITY FUTURES TRADING COMMISSION, Respondent.**

No. 78–1327.

United States Court of Appeals, Seventh Circuit.

Submitted Jan. 16, 1980.

Decided Feb. 5, 1980.

Fred R. Kimmel and Ralph Mantynband, Chicago, Ill., for petitioner.

John G. Gaine, Gregory Glynn, Glynn L. Mays, Susan A. Arnold, Gen. Counsel, CFTC, Washington, D. C., John Troelstrup, CFTC, Chicago, Ill., for respondent.

Before PELL, WOOD and CUDAHY, Circuit Judges.

PELL, Circuit Judge.

The petitioner, Rosenthal & Company, applies to this court for review of an order of the Commodity Futures Trading Commission (CFTC or Commission). The petitioner maintains, *inter alia,* that the CFTC's order was entered without jurisdiction and in violation of its own regulations, that the method adopted by the CFTC for determining the legal sufficiency of complaints in reparation proceedings is at variance with the Administrative Procedure Act as well as with the requirements of due process of law, and that the complained of actions by the CFTC are inherently irrational, unreasonable, capricious, unfair, and prejudicial. Rosenthal, therefore, asks us to reverse the order of the CFTC and direct that the complaint against it be dismissed. The CFTC contradicts each of the petitioner's allegations about the legality of its order and the adequacy of its procedures and argues additionally that in any event this court is without jurisdiction to consider the merits of Rosenthal's complaint at this stage of the proceedings.

An understanding of the context in which the petitioner seeks relief requires a review of the purposes of reparation proceedings under the Commodity Exchange Act and of the rather protracted proceedings in this case before the Commission and this court. In 1974, Congress extensively revised the Commodity Exchange Act and created an independent agency, the CFTC, to administer and enforce the Act's provisions. Commodity Futures Trading Commission Act of 1974, 88 Stat. 1389. (Previously the Act had been administered by the Commodity Exchange Authority of the Department of Agriculture.) In order to protect the investing public in a previously little-regulated area, Congress granted the CFTC exclusive jurisdiction over futures trading and

broad enforcement powers. *See* 7 U.S.C. §§ 2, 9, 13b, 13a–1. *See also Board of Trade v. CFTC,* 605 F.2d 1016 (7th Cir. 1979). Congress also sought to encourage inexpensive and expeditious adjudication of customer claims against commodity professionals by requiring the CFTC to establish a reparation procedure for the resolution of claims arising under the Act. The reparation procedure was intended to be a new remedy for aggrieved customers in addition to litigation in the courts and arbitration. *See* Rosen, *Reparation Proceedings Under the Commodity Exchange Act,* 27 Emory L.J. 1005, 1005 (1978). "The 1974 legislation envisioned the Commission's reparations proceedings as being analogous to the operation of a small claims court," in which a customer, often representing himself *pro se,* could obtain satisfaction of his claim. S.Rep.No.95–850, 95th Cong., 2d Sess. 16 *reprinted in* [1978] U.S.Code Cong. & Admin.News, pp. 2087, 2104. Unfortunately, the goal of providing "a fast, efficient, non-technical forum," Rosen, *supra* at 1055, has been hampered, at least in part, by the increasing number of reparation claims that have been filed with the Commission. *Id.;* S.Rep.No.95–850, 95th Cong., 2d Sess. 16 *reprinted in* [1978] U.S.Code Cong. & Admin.News, pp. 2087, 2104.

The procedure in reparation cases before the CFTC is established in 7 U.S.C. § 18. CFTC rules promulgated under that section are found in 17 C.F.R. §§ 12.1–12.102 (1979). Under the Act, any person may file a complaint with the CFTC alleging a violation of the Act or of CFTC rules, regulations, or orders. 7 U.S.C. § 18(a). The Commission is empowered to investigate the complaint, *id.* at § 18(b), and if it determines that the complaint states a violation of the Act, require the accused commodity professional to file an answer.[1] If the claim is not then settled, the case is referred to an Administrative Law Judge for a formal adjudicatory proceeding.

The Commission's role in these proceedings is to provide a forum for the resolution of claims arising out of trading in commodity futures. The CFTC in its brief before this court characterizes itself as "a quasi-judicial administrative forum for adjudication of complaints." It apparently does not assume a prosecutorial role in formal adjudicatory proceedings or represent complainants in asserting their claims for damages.[2] In general, complainants must either retain private counsel or represent themselves before the ALJ and in any subsequent stages of the reparation proceedings.

A hearing presided over by the ALJ is held on the complaint upon referral.[3] Un-

---

1. 7 U.S.C. § 18(a) provides that "if, in the opinion of the Commission, the facts . . . warrant," it shall request an answer to the complaint and afford the respondent an opportunity for a hearing. The CFTC has delegated the duty of screening reparation complaints to the Reparations Unit of its Division of Enforcement. At the time of the screening of the complaint made against Rosenthal here and its referral to the ALJ, the Division of Enforcement carried out this function pursuant to an oral delegation of authority. The Commission has since codified that delegation at 17 C.F.R. § 140.81 (1979).

2. The CFTC's letter to the complainant in the instant case, for example, states:

> If you are unable to resolve your claim with the firm after reviewing their explanation, you may wish to consider filing a claim for damages with the Reparations Section of the Commission.
> The Commission is not authorized to render legal or financial advice, nor may we assist or represent any individual in connection

with the assertion of their personal claims or rights. The Commission, in essence, provides a forum wherein claims for damages may be made against firms or individuals who are registered under the Commodity Exchange Act. To file such a claim, you must send a sworn statement detailing your complaint to the Reparations Section of the Commodity Futures Trading Commission. . .

3. The Act authorizes disposition of claims without a hearing if the amount claimed as damages does not exceed $5,000. *See* 7 U.S.C. § 18(b); 17 C.F.R. §§ 12.71(a)(2), 12.91–12.95 (1979). (The 1974 Act provided for disposition without hearings of claims not exceeding $2,500. The Act was amended in 1978 increasing the amount-in-controversy requirement for hearings to $5,000, presumably to aid the Commission in dealing with the increasing number of reparation complaints. *See* Futures Trading Act of 1978, 92 Stat. 865.) Since the claim here exceeded $5,000, the complaint was referred to the ALJ for a hearing.

der the Commission's regulations, the ALJ renders an initial decision, 17 C.F.R. § 12.84 (1979), which becomes the final order of the Commission unless an application for review by the CFTC is filed within 15 days of the service of the initial decision or the CFTC decides to review the ALJ's decision *sua sponte.* The CFTC may decline review or grant the appeal and render its own decision. In either event, if a violation of the Act and damages are finally found, the Commission's order directs the offender to pay the complainant the amount of his damages. 7 U.S.C. § 18(e). An order directing payment can be enforced by the complainant in the federal district courts, 7 U.S.C. § 18(f), and a commodity professional's failure to pay results in loss of trading privileges, *id.* at § 18(h). Review of CFTC reparation orders is by petition to the court of appeals pursuant to 7 U.S.C. § 18(g).

The facts in this case are examined at some length in the Commission's opinion. *Spurgeon v. Rosenthal & Co.,* Comm.Fut.L. Rep. (CCH) ¶ 20,906 (Sept. 26, 1979), and need not be set forth in great detail here. The proceedings before the Commission were initiated upon the complaint of Lloyd Spurgeon. The complaint alleged various irregularities by Rosenthal in handling a commodities option transaction on Spurgeon's behalf. The CFTC's Division of Enforcement, Reparations Unit, determined that the complaint stated a violation of the Act, called for an answer by Rosenthal, and referred the matter to an ALJ. Rosenthal's answer asserted, *inter alia,* that the complaint failed to state a violation of the Commodity Exchange Act and therefore requested that the complaint be dismissed. The Administrative Law Judge granted Rosenthal's motion to dismiss. *Spurgeon v. Rosenthal & Co.,* Comm.Fut.L.Rep. (CCH) ¶ 20,471 (July 27, 1977).

The complainant then filed an application for review which was received by the Commission on August 9, 1977. Unfortunately, the complainant failed to serve a copy of the application on Rosenthal as is apparently contemplated by the CFTC's rules. 17 C.F.R. §§ 12.101(a), 12.48 (1979). The Commission, however, unaware of the defect,

granted review and on February 10, 1978, reversed. In its brief unreported order, the Commission held that the ALJ was without authority under the Commission's rules to grant a motion to dismiss. In support of its holding, the CFTC relied on its previous decision in *Antoniolli v. Clayton Brokerage Co.,* Comm.Fut.L.Rep. (CCH) ¶ 20,546 (Jan. 18, 1978), in which it had held that,

> since the Commission has made no provision in its Reparation Rules for its Administrative Law Judges to dismiss reparation complaints for failure to state a cause of action, once they have been forwarded for hearing, the Administrative Law Judge in this case acted in excess of his authority under the Act and the Commission's Reparation Rules in dismissing the complaint and his order of dismissal must be reversed.

*See also Baker v. Rosenthal,* Comm.Fut.L. Rep. (CCH) ¶ 20,552 (Feb. 10, 1978). The service of the Commission's decision apparently was the first indication that Rosenthal had that its victory before the ALJ was the subject of an administrative appeal.

Rosenthal upon learning of the reversal petitioned for review in this court and moved that all proceedings before the Commission be stayed. Rosenthal simultaneously asked the Commission to stay all proceedings pending review in this court and also asked that the CFTC reconsider and vacate its order reversing the ALJ's decision. This court denied the motion for stay pending review in an unpublished order dated April 3, 1978. On April 28, 1978, however, the Commission stayed all proceedings until its further order and agreed to reconsider its earlier decision. On the motion of the CFTC and with Rosenthal's acquiescence, this court ordered that the appeal be held in abeyance pending the decision of the Commission.

On September 26, 1979, the Commission entered an order reaffirming its earlier ruling that the ALJ was without power to grant a motion to dismiss. *Spurgeon v. Rosenthal & Co.,* Comm.Fut.L.Rep. (CCH) ¶ 20,906 (Sept. 26, 1979). The Commission

also rejected the contention that the ALJ's action could be regarded as a summary disposition in accordance with its reparation rule 12.67, 17 C.F.R. § 12.67 (1979). The Commission held meritless as well several procedural objections which Rosenthal had interposed, objections which Rosenthal renews in its brief before this court. Because further proceedings in conformity with the CFTC's decision were scheduled to be conducted before the ALJ on October 24, 1979, Rosenthal requested that this court enjoin further proceedings before the ALJ. This court, after considering the response of the CFTC, granted the motion. In that order, this court, in order to afford itself an adequate opportunity to rule on the petitioner's claims, enjoined all further Commission proceedings pending judicial review and ordered that this case be decided expeditiously and without oral argument. Neither party has objected to this procedure, and upon consideration of the briefs and the record we have decided the case is appropriate for disposition without the benefit of the oral presentations of the parties. *See* Fed.R.App.P. 2, 34(a).

The first question which confronts this court is whether the order of the CFTC is presently reviewable. "The jurisdiction of the courts of appeals to review orders rendered by administrative agencies is wholly dependent upon statute." *Noland v. United States Civil Service Commission*, 544 F.2d 333, 334 (8th Cir. 1976). It is uncontested that 7 U.S.C. § 18(g) provides whatever power this court possesses to review directly the actions of the Commission in reparation proceedings. That subsection provides in pertinent part:

> Any order of the Commission entered hereunder shall be reviewable on petition of any party aggrieved thereby, by the United States Court of Appeals for any circuit in which a hearing was held, or if no hearing was held, any circuit in which the appellee is located, under the procedure provided in section 9 of this title. Such appeal shall not be effective unless within 30 days from and after the date of the reparation order the appellant also files with the clerk of the court a bond in

double the amount of the reparation awarded against the appellant conditioned upon the payment of the judgment entered by the court, plus interest and costs, including a reasonable attorney's fee for the appellee, if the appellee shall prevail. . . . The appellee shall not be liable for costs in said court. If the appellee prevails, he shall be allowed a reasonable attorney's fee to be taxed and collected as a part of his costs.

Rosenthal interprets the words "[a]ny order of the Commission . . . shall be reviewable," in their literal and broadest sense to mean any CFTC order entered in a reparation proceeding. Although Rosenthal has not elaborated on its argument, it apparently would maintain that every procedural, tentative, or otherwise nonfinal order would be subject to immediate review in the court of appeals. The Commission, on the other hand, relying on decisions construing other statutes providing for review of administrative decisions by the courts of appeals, argues that the provision for review of "any order" must be construed to permit review only of final reparation orders.

An analysis of the kind of administrative orders subject to review in the court of appeals begins with the recognition of the courts' natural disinclination to afford the "opportunity for constant delays in the course of the administrative proceeding for the purpose of reviewing mere procedural requirements or interlocutory directions." *Eastern Utilities Associates v. SEC*, 162 F.2d 385, 387 (1st Cir. 1947) (quoting *FPC v. Metropolitan Edison Co.*, 304 U.S. 375, 383–84, 58 S.Ct. 963, 966–67, 82 L.Ed. 1408 (1938)). Thus, although some statutes confer jurisdiction on the courts of appeals to review only final agency orders, the absence of an express finality prerequisite to judicial review has not been held to prevent the implication of such a requirement. "A finality requirement is commonly attributed as well to statutes that simply provide for review of administrative orders." 16 C. Wright, A. Miller, E. Cooper & E. Gressman, Federal Practice and Procedure § 3942

at 310–11 (1977). *See, e. g., FPC v. Metropolitan Edison Co.,* 304 U.S. 375, 58 S.Ct. 963, 82 L.Ed. 1408 (1938); *Puget Sound Traffic Association v. CAB,* 175 U.S.App. D.C. 410, 536 F.2d 437 (D.C.Cir.1976) (49 U.S.C. § 1486(a) which provides for judicial review of "[a]ny order" held to authorize only review of final orders); *McManus v. CAB,* 286 F.2d 414, 417–18 (2d Cir.), *cert. denied,* 366 U.S. 928, 81 S.Ct. 1649, 6 L.Ed.2d 388 (1961) (same).[4]

The reasons for requiring a final agency order before undertaking judicial review are similar to those underlying requiring exhaustion of administrative remedies. Review of tentative or otherwise interlocutory agency decisions deprives the agency of the opportunity to review and correct its own errors and to develop a factual record adequate for review. Judicial review during the pendency of administrative proceedings may also prove to be unnecessary because a petitioner challenging a particular agency ruling may ultimately prevail before the agency on other grounds. Thus, the courts ordinarily are reluctant to disrupt the orderly process of adjudication before an administrative agency by permitting piecemeal review.

Although the provision for review of "any order . . . entered hereunder" in 7 U.S.C. § 18(g) is a seemingly broad grant of jurisdiction in the courts of appeals, those words take on a narrower meaning when considered in the context of the other provisions of the Act and the apparent purpose of reparation proceedings.

A review of the statutory scheme for reparation cases indicates that only orders finally determining the rights of the parties were within the contemplation of subsection 18(g). Subsection 18(e) provides that upon determining a violation and damages, the CFTC "shall make an order directing the offender to pay." That subsection also provides for a procedure when a respondent admits owing part of the amount claimed, but denies liability for the remainder. It permits the Commission to "issue an order directing respondent to pay . . . the undisputed amount . . . . . The remaining disputed amount shall be determined . . . as if no order had been issued . . . with respect to the undisputed sum." Subsection (f), providing for enforcement of reparation awards, again refers to orders. These references to "order" tend to indicate that Congress contemplated review only of final orders—generally those awarding or denying damages.

The provision in subsection 18(g) providing that an appellant from a reparation order shall file "a bond in double the amount of the reparation awarded against the appellant" also supports the view that review on the petition of a commodities professional was generally intended only to be available after liability was established and damages were awarded. The broader language permitting review of "any order" therefore can be understood as an attempt to make it clear that a complainant disappointed by a CFTC order may petition for review as well.[5]

---

4. Rosenthal maintains that decisions importing a finality requirement into statutes authorizing judicial review of agency actions are inapposite because in those cases the agency acted as a litigant rather than, as here, a forum to adjudicate controversies between private citizens. Assuming *arguendo* that Rosenthal's characterization is correct, the general federal policy against permitting piecemeal appellate review except in carefully delineated circumstances, *cf.* 28 U.S.C. §§ 1291, 1292, counsels against permitting review of interlocutory CFTC orders.

5. Subsection 18(g) also states that review shall be had "under the procedure provided in section 9 of this title." 7 U.S.C. § 9, which establishes the procedure for excluding commodity

professionals from trading on contract markets, permits review of exclusion orders on petition to the court of appeals. That section provides for transmittal of the agency record and grants the court of appeals "jurisdiction to affirm, to set aside, or modify the order of the Commission." It also provides "the findings of the Commission as to the facts, if supported by the weight of the evidence, shall in like manner be conclusive." In construing a similar statute governing review of Federal Power Commission orders to permit review of only final orders, the Supreme Court noted:

The statute contemplates a case in which the Commission has taken evidence and made findings. Its findings, if supported by evidence, are to be conclusive. . . . . The

The conclusion that 7 U.S.C. § 18(g) permits only review of final agency orders is also consistent with the purpose of Congress to provide a swift, inexpensive forum for the resolution of customer complaints. Review of interlocutory orders would encourage disruption of the administrative process and require complainants to defend agency actions before the agency has had an opportunity to determine initially the rights of the parties. This may prove particularly onerous for *pro se* litigants or those with small claims. We therefore construe 7 U.S.C. § 18(g) to permit review of only final agency orders in reparation proceedings.

Our conclusion that 7 U.S.C. § 18(g) only authorizes judicial review of final agency orders does not end our inquiry for we must still determine whether the order of the CFTC is of that character. The Commission's order clearly is not final in the ordinary sense. "[T]he relevant considerations in determining finality are whether the process of administrative decisionmaking has reached a stage where judicial review will not disrupt the orderly process of adjudication and whether rights and obligations have been determined or legal consequences will flow from the agency action." *Port of Boston Marine Terminal Assn. v. Rederiaktiebolaget Transatlantic,* 400 U.S. 62, 71, 91 S.Ct. 203, 209, 27 L.Ed.2d 203 (1970). The CFTC order which the petitioner would have us review does not finally determine the rights and liabilities of the parties to the proceeding with respect to the complainant's claim under the Commodity Exchange Act. Moreover, as the stay granted by this court illustrates, judicial review necessarily disrupts the orderly process of administrative adjudication.

Nevertheless, the courts have taken an "intensely 'practical' approach" to finality questions by weighing "the nature of the claim being asserted and the consequences of deferment of judicial review." *Mathews v. Eldridge,* 424 U.S. 319, 331 n. 11, 96 S.Ct. 893, 901, 47 L.Ed.2d 18 (1976). Although formulations of the test differ, "[t]he core principle [is] that statutorily created finality requirements should, if possible, be construed so as not to cause crucial collateral claims to be lost and potentially irreparable injuries to be suffered . . . ." *Id.* Rosenthal has made a wide variety of arguments—some being arguably collateral to the merits of the complaint—as to why the CFTC's reversal of the dismissal of the complaint was without jurisdiction, in violation of the CFTC's own rules, and arbitrary and capricious. Rosenthal, however, has not suggested how postponing judicial review until the entry of a final administrative order against it would cause it to lose any important rights. Virtually all of its claims, if sustained, would be valid grounds for upsetting any reparation order that may be entered against it. Thus, apparently the only injury which Rosenthal would suffer by the failure to obtain judicial review now would be the cost and inconvenience of defending against the claim at an administrative hearing.[6] It is clear, however, that

provision for review thus relates to orders of a definitive character dealing with the merits of a proceeding before the Commission and resulting from a hearing upon evidence and supported by findings appropriate to the case.

*FPC v. Metropolitan Edison Co.,* 304 U.S. 375, 384, 58 S.Ct. 963, 967, 82 L.Ed. 1048 (1938). *See also Niagara Mohawk Power Corp. v. FPC,* 538 F.2d 966, 969 (2d Cir. 1976).

It is true, as Rosenthal argues, that review of some CFTC orders issued without hearings is authorized in some cases. 7 U.S.C. § 18(g) expressly provides for review in "any circuit in which the appellee is located" "if no hearing was held." This presumably is a reference to dispositions of claims not exceeding $5,000.

*See* 7 U.S.C. § 18(b) & note 3 *supra.* Nevertheless, these dispositions, unlike the CFTC's order challenged here, would be final agency orders. Thus, the provision relied on by Rosenthal is not inconsistent with the apparent design of the statute to permit review only of final agency orders.

6. This assumes that Rosenthal will indeed have to defend itself at a hearing. The CFTC's order does not seem to preclude Rosenthal's resort to the summary disposition procedure, similar to summary judgment, authorized by 17 C.F.R. § 12.67 (1979). The CFTC merely held that the ALJ's dismissal of the complaint could not be treated as a summary disposition because the complainant had not been given an adequate opportunity to respond to Rosenthal's motion

litigation expense and attendant inconvenience do not constitute irreparable injury sufficient to justify judicial intervention into pending agency proceedings. *See Myers v. Bethlehem Shipbuilding Corp.,* 303 U.S. 41, 51, 58 S.Ct. 459, 463, 82 L.Ed. 638 (1938). In essence, Rosenthal seeks to have this court review an interlocutory order much like the denial of a motion to dismiss. Such agency actions are ordinarily not appealable and whatever expense and inconvenience Rosenthal may suffer are outweighed by the danger of disrupting ongoing administrative proceedings by piecemeal review.[7]

This court has previously refused to interject itself into ongoing proceedings before the CFTC. *See Hunt v. CFTC,* 591 F.2d 1234 (7th Cir.), *cert. denied,* 442 U.S. 921, 99 S.Ct. 2848, 61 L.Ed.2d 290 (1979); *Rosenthal & Co. v. Bagley,* 581 F.2d 1258 (7th Cir. 1978). *See also Frey v. Commodity Exchange Authority,* 547 F.2d 46 (7th Cir. 1976). Although those decisions involved exhaustion of administrative remedies, the underlying considerations are the same. The courts should be reluctant to interfere with administrative proceedings until they have reached their conclusion as long as important and clearly defined rights will not be sacrificed by deferring review. We perceive no such untoward consequences to Rosenthal in this case. Accordingly, we

for such a disposition. *Cf. Klatt v. International Trading Group, Ltd.,* Comm.Fut.L.Rep. (CCH) ¶ 20,636 (June 21, 1978) (emphasizing the importance of affording notice to the parties before summary disposition of reparation complaints).

7. There is some suggestion in the case law that agency actions plainly outside the agency's jurisdiction might be considered final for purposes of judicial review. *See, e. g., Niagara Mohawk Power Corp. v. FPC,* 538 F.2d 966, 970 (2d Cir. 1976). Although some of Rosenthal's arguments are directed toward establishing that the CFTC was without jurisdiction to review the ALJ's order, we cannot say that the want of jurisdiction, if any, is plain. Rosenthal's arguments depend, for the most part, on interpretations of the CFTC's own reparation rules. "When the implications of one of an agency's own rules is in question, a court should be hesitant to conclude that the agency has disregarded a specific and unambiguous directive warranting judicial intervention in the administrative proceedings." *Hunt v. CFTC,* 591 F.2d 1234, 1237 (7th Cir.), *cert. denied,* 442 U.S. 921,

dissolve the injunction entered on October 21, 1979, and dismiss the petition for review for want of jurisdiction.

99 S.Ct. 2848, 61 L.Ed.2d 290 (1979). The Commission has frequently forgiven minor procedural defaults particularly when *pro se* parties are involved. *See* 17 C.F.R. § 12.1 (1979); *Hall v. Crown Colony Commodity Options, Ltd.,* Comm.Fut.L.Rep. (CCH) ¶ 20,674 (Sept. 22, 1978); *Rosen, supra* at 1028. Such a practice is consistent with that of the courts, *see, e. g., Haltmier v. CFTC,* 554 F.2d 556, 559 n. 1 (2d Cir. 1977), and its application in this case cannot be considered so egregious as to oust the Commission from all color of jurisdiction over the proceedings initiated by the complainant.

