Michael LANG, Plaintiff,

v.

Timothy RYAN, Director of the Office of Thrift Supervision, and the Office of Thrift Supervision, Defendants.

Rhonda LANG, Plaintiff,

v.

Timothy RYAN, Director of the Office of Thrift Supervision, and the Office of Thrift Supervision, Defendants.

Nos. DC90–W204, DC90–W205–B.

United States District Court,
N.D. Mississippi,
Delta Division.

Sept. 20, 1991.

Patrick F. McManemin, Donna R. Morris, J. Thomas Gilvert, Dallas, Tex., Shelby Duke Goza, Oxford, Miss., for plaintiffs.

William M. Dye, Jr., Oxford, Miss., Arthur R. Goldberg and Stephen G. Harvey,

Dep't of Justice, Civ. Div., Carolyn Lieberman, Bruce Rinaldi, and Paul Leiman, Office of Thrift Supervision, Washington, D.C., for defendants.

## ORDER DENYING MOTION OF PLAINTIFF FOR PRELIMINARY INJUNCTION AND/OR TEMPORARY STAY OF ADMINISTRATIVE PROCEEDINGS

BIGGERS, District Judge.

Plaintiffs Michael Lang and Rhonda Lang filed a motion for preliminary injunction on February 26, 1991, seeking to have a Temporary Cease and Desist Order issued by the Office of Thrift Supervision (OTS) modified, vacated or set aside, and to vacate the OTS notice of charges. The plaintiffs also requested this court to enjoin any administrative proceedings pursuant to the actions of OTS. The plaintiffs renewed their request by letter on September 16, 1991, asking this court to postpone or stay the administrative proceedings now set for October 1, 1991. A hearing on this and other issues related to the plaintiffs' claims was held on September 17, 1991. While this court does not now reach the merits of all other claims presented by the plaintiffs in their initial request for injunctive relief, it determines that this court is without jurisdiction to enjoin or stay the administrative proceeding now pending pursuant to 12 U.S.C. § 1818(i) and, therefore, must deny the plaintiffs' request. 12 U.S.C. § 1818(i) precludes the court's jurisdiction over the plaintiffs' request under these circumstances. It states in part:

except as otherwise provided in this section, no court shall have jurisdiction to affect by injunction or otherwise the issuance or enforcement of any notice or order under this section, or to review, modify, suspend, terminate or set aside any such notice or order.

12 U.S.C. § 1818(i).

■ The plaintiffs contend that this court must intervene in the proposed administrative proceeding which they assert is unconstitutional as violative of their Sixth and Seventh Amendment right to a jury trial and denies them an impartial forum and decision-maker. The plaintiffs contend that they are entitled to a jury trial under the Sixth Amendment since the civil money penalties assessed are punitive and, as such, tantamount to a criminal sanction. Since OTS has not rendered a final determination regarding the amount of civil money penalties actually to be assessed, plaintiffs' contention on this point is speculative and premature at this juncture.

■ Nor does the plaintiffs' contention that the proposed administrative proceedings violate their Sixth Amendment right to a jury have merit. The argument that these proceedings are essentially an action for common-law money damages and, as such, entitles them to a jury trial is not warranted by existing law. *See Atlas Roofing Co. v. Occupational Safety & Health Review Comm'n*, 430 U.S. 442, 97 S.Ct. 1261, 51 L.Ed.2d 464 (1977) (Congress may delegate fact-finding powers to an administrative agency in actions to enforce public rights), *cited in Paul v. OTS*, 763 F.Supp. 568 (S.D.Fla.1990).

■ The plaintiffs' contention that the proposed administrative proceeding denies them an impartial forum and decision-maker is in essence an argument that the plaintiffs should not have to go through the expense and inconvenience of the administrative process. The plaintiffs do not assert bias on the part of the administrative judge but, rather, argue that the process contemplated is inadequate. This argument is likewise without merit. *See Abercrombie v. Office of Comptroller of Currency*, 833 F.2d 672, 677 (7th Cir.1987) ("litigation expense and attendant inconvenience do not constitute irreparable injury sufficient to justify judicial intervention into pending agency proceedings") (*citing Rosenthal & Co. v. Commodity Futures Trading Comm'n*, 614 F.2d 1121, 1128 (7th Cir.1980)).

Finally, there is no indication that the OTS has made a "clear departure from statutory authority," *Groos Nat'l Bank v. Comptroller of Currency*, 573 F.2d 889 (5th Cir.1978), in the institution of these proceedings and, therefore, the plaintiffs'

request for an injunction or stay of the pending administrative proceedings must be DENIED.

 The plaintiffs, Michael Lang *et ux* Rhonda Lang also urge the court to modify paragraph 18g of the Cease and Desist Order entered herein so as to allow them to expend $100,000.00 of their assets for a retainer of an additional attorney to represent one of them individually. The Langs submit that there is a conflict between their individual defenses and that their individual defenses are adverse to each other. They, therefore, seek to retain their present counsel for the representation of one of them and employ new counsel to represent the other.

The court has been furnished in writing a summary of the alleged conflicts. Upon consideration of the said summary, the court can see that there is substance to the claimed conflicts and is of the opinion that the Langs would benefit from retaining separate counsel; however, the court cannot conclude that the complexity of this case and the conflicts cited by counsel are so great that assets of $200,000.00—the amount claimed as needed for retainers—is reasonably necessary to retain competent counsel for each of the Langs. There has been previously approved $100,000.00 for the Langs' legal representation and no accounting has been furnished to show the amounts expended and remaining from that original retainer. The additional $100,000.00 sought for the retainer of an additional attorney for one of the Langs is represented to be a "refundable" retainer, but that large an amount as a condition of representation has been denied by OTS as not reasonably necessary for adequate representation. In view of the policy of OTS that attorneys' fees are ordinarily allowed upon request when statements for legal services rendered are received by OTS, it can be assumed that the Langs can employ additional competent counsel on a basis of payment for services as rendered without a $100,000.00 retainer. On this assumption, the court cannot say that the refusal by OTS to approve the expenditure of an additional $100,000.00 as a retainer for additional legal counsel violates the terms or the intent of the Cease and Desist Order and, consequently, the motion to modify the Cease and Desist Order to allow for an additional $100,000.00 to be paid as a retainer to a specifically named attorney will be DENIED.

SO ORDERED AND ADJUDGED this, the 20th day of September, 1991.