Thomas W. RHODE, Plaintiff,

v.

The CITY OF WEST LAFAYETTE, INDIANA; and Robert Reich, Secretary, United States Dep't of Labor [1], Defendants.

No. 4:92cv0042AS.

United States District Court, N.D. Indiana, Hammond Division at Lafayette.

April 21, 1993.

1. Robert Reich is substituted for his predecessor, Lynn Martin, as Secretary of Labor. Fed. R.Civ.P. 25(d)(1).

Thomas W. Rhode, pro se.

Larry R. Fisher and Thomas B. Parent, Keith R. Fafarman and Robert L. Bauman, Lafayette, IN, for defendant City of West Lafayette.

Clifford D. Johnson, South Bend, IN, for defendant Reich.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

This court is all too aware of its obligation in regard to *pro se* parties under and since *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), and its progeny in this circuit, *Smith v. Fairman*, 862 F.2d 630 (7th Cir.1988), *cert. denied*, 490 U.S. 1008, 109 S.Ct. 1645, 104 L.Ed.2d 160 (1989); and *Cain v. Lane*, 857 F.2d 1139 (7th Cir.1988). Notwithstanding the *pro se* status of this plaintiff, this court is under a specific mandate to first and on its own motion examine the jurisdictional basis of all civil complaints, *Indiana Port Comm'n v. Bethlehem Steel Corp.*, 702 F.2d 107, 109 (7th Cir.1983); *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir.1986). *Doe v. Allied Signal*, 985 F.2d 908 (7th Cir.1993), is a recent object lesson in this regard.

■ This court is under an obligation to raise the question of subject matter jurisdiction on its motion, even if none of the parties has:

> The initial inquiry in any suit filed in federal court must be whether the federal court must be whether the federal court possesses subject matter jurisdiction.... Because subject matter jurisdiction determines whether a court has power to act in a given case, a federal court including a court of appeals, must raise the issue on its own motion where the parties fail to bring it to the court's attention. See *City of Kenosha v. Bruno*, 412 U.S. 507, 511–12, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973); *Basso v. Utah Power and Light Co.*, 495 F.2d 906, 909–10 (10th Cir.1974); Fed.R.Civ. Pro. 12(h)(3).

*Rice v. Rice Foundation*, 610 F.2d 471 (1979). *Rice* cites to Fed.R.Civ.P. 12(h)(3) which provides that: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

■ The plaintiff, Thomas W. Rhode ("Rhode"), brought suit in this court against the City of West Lafayette, Indiana; Ice Miller Donadio & Ryan, and Robert B. Bush. Rhode bases jurisdiction for this action on 28 U.S.C. § 1331, claiming a federal question

under 42 U.S.C. § 6971 and 33 U.S.C. § 1367, as they affect the settlement agreement and release the plaintiff entered into that was approved by the Secretary of Labor. On August 4, 1992, the plaintiff filed a notice of dismissal under Fed.R.Civ.P. 41(a)(1) against defendants Ice Miller Donadio & Ryan and Robert Bush. On August 26, 1992, this court ordered that defendants Ice Miller Donadio & Ryan and Robert Bush be dismissed. On April 1, 1993, this court received plaintiff's third amended complaint which attempts to add defendants already dismissed. The filing of this amended complaint has been rendered moot, however, by an analysis of this court's lack of subject matter jurisdiction.

### Procedural History

Rhode was an employee of the City of West Lafayette ("City"). In 1990, Rhode filed complaints with IOSHA, NLRB, and U.S. Department of Labor alleging violations in the operation of the West Lafayette Sewage Works (Deft's Answer to Amended Complaint at 3). Rhode subsequently filed a discrimination charge against the City with the United States Department of Labor, alleging harassment and discrimination in violation of the Solid Waste Disposal Act, 42 U.S.C. § 6971 (U.S. Department of Labor, Recommended Decision and Order Approving Settlement Agreement). The Department of Labor conducted a thirty-day investigation of the plaintiff's claims under 42 U.S.C. § 6971. Following this determination, both parties appealed and a hearing was before the Administrative Law Judge ("ALJ"). Prior to the scheduled hearing the parties, both represented by counsel, entered into a settlement agreement. On June 12, 1991, the ALJ issued a recommended decision and order approving the settlement. On July 3, 1991, the Secretary of Labor entered a final decision and order approving the settlement agreement (Deft's Brief in Support of Motion for Summary Judgment at 3–4).

### Jurisdictional Determination

The issue before this court is whether the plaintiff has met the statutory requirements in appealing the administrative order of the United States Department of Labor. The plaintiff alleges that his claim is brought under 42 U.S.C. § 6971 and 33 U.S.C. § 1367; the United States Department of Labor asserts that Rhode brought his discrimination claim solely under 42 U.S.C. § 6971. In either case, the issue of whether the acts vest jurisdiction in this court to hear an appeal of the administrative order depends on Congressional intent and statutory prescription.

In general, administrative review procedures and jurisdictional grants are found in agencies' organic statutes. "Whenever a statute provides procedures for review, those procedures are exclusive. Statutory review is most often in the Court of Appeals ..." 5 Jacob A. Stein, Glenn A. Mitchell, & Basil J. Mezines, *Administrative Law* § 43.02[2] (1993). " 'The jurisdiction of the courts of appeals to review orders rendered by administrative agencies is wholly dependent upon statute.' " *Rosenthal & Co. v. Commodity Futures Trading Comm'n*, 614 F.2d 1121, 1125 (7th Cir.1980), quoting *Noland v. U.S. Civil Service Comm'n*, 544 F.2d 333, 334 (8th Cir.1976). In the case before the court, both acts provide for review of an administrative decision in a federal court of appeals. The Solid Waste Disposal Act addresses employee protection remedies by providing that an "order issued by the Secretary of Labor under this subparagraph shall be subject to judicial review in the same manner as orders and decisions of the Administrator or subject to judicial review under this chapter." 42 U.S.C. § 6971 (1983). The act refers discrimination complaint procedures under federal employee protection statutes to 29 C.F.R. 24.1 *et seq.*, which provide:

(a) Within 60 days after the issuance of a final order under § 24.6, above, any person adversely affected or aggrieved by such order may file a petition for review of the order in the United States court of appeals for the circuit in which the violation with respect to which the order was issued allegedly occurred. The commencement of proceedings under this subsection shall not, unless ordered by the court, operate as a stay of the Secretary's order.

(b) An order of the Secretary with respect to which review could have been obtained under paragraph (a) shall not be subject to judicial review in any criminal or other civil proceedings.

29 C.F.R. § 24.7 (1992). Even the second statute preventing pollution cited by the plaintiff provides: "Such order issued by the Secretary of Labor under this subchapter shall be subject to judicial review in the same manner as orders and decisions of the Administrator are subject to judicial review." 33 U.S.C. § 1367 (1986). The section governing administrative procedure and judicial review states that while district courts are authorized to issue subpoenas or enforce orders,

[r]eview of the Administrator's action ... may be had by any interested person in the Circuit Court of Appeals of the United States for the Federal judicial district in which such person resides or transacts business which is directly affected by such action upon application by such person.

33 U.S.C. § 1369 (1986 & Supp.1992).

█ The plaintiff has alleged that jurisdiction vests in this court through construction of 42 U.S.C. § 6971 and 33 U.S.C. § 1367, based on federal question under 28 U.S.C. § 1331: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." While a departure from the prescribed statutory review is available under certain circumstances, the case before this court does not demonstrate that the provided statutory review procedure is inadequate. In reviewing agency orders, jurisdiction in the court of appeals is heavily favored. Justice Brennan reaffirms this position in writing for the Court: "One crucial purpose of the Hobbs Act and other jurisdictional provisions that place initial review in the court of appeals is to avoid the waste attendant upon this duplication of effort." *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 105 S.Ct. 1598, 84 L.Ed.2d 643 (1985). In the Seventh Circuit, Judge Posner states:

We may thus invoke the judge-made presumption in favor of court of appeals review in doubtful cases, a presumption based on the fact that district court review

adds another layer to the review process with little gain to the accuracy of the ultimate determination if there are no additional facts to be found.

*Indiana & Michigan Elec. v. U.S. E.P.A.*, 733 F.2d 489 (7th Cir.1984).

The Administrative Procedure Act provides that:

The form of proceeding for judicial review is the special statutory review proceeding relevant to the subject matter in a court specified by statute or, in the absence or inadequacy thereof, any applicable form of legal action, including actions for declaratory judgments or writs of prohibitory or mandatory injunction or habeas corpus, in a court of competent jurisdiction.

5 U.S.C. § 703. General jurisdiction was not intended to vest in district courts without a showing of the inadequacy of the prescribed statutory procedure. Justice Stevens, although holding that in that case the district court had jurisdiction, wrote for the Court that: "When Congress enacted a general authorization for review of agency action in the district courts, it did not intend that general grant of jurisdiction to duplicate the previously established special statutory procedures relating to specific agencies." *Bowen v. Mass.*, 487 U.S. 879, 903, 108 S.Ct. 2722, 2737, 101 L.Ed.2d 749 (1988). In the present case, since the statutes involved explicitly provide for a review procedure, this court does not have to resort to a presumption. The statutes involved clearly confer jurisdiction on the appropriate court of appeals, which is considered exclusive even if silent:

Some of the statutes that provide for court of appeals review of administrative decisions expressly provide that this method of review is exclusive. Even if a statute is silent, it is apt to be concluded that district court review is precluded as to matters within its provisions for review by a court of appeals.

16 Charles A. Wright, Arthur R. Miller, Edward H. Cooper & Eugene Gressman, *Federal Practice and Procedure*, § 3943 (1977).

Any analysis of whether this court has jurisdiction due to diversity of citizenship under 28 U.S.C. § 1332 is rendered moot by

the same argument pertaining to federal question jurisdiction: *district court review is precluded by statutory provision for review by a court of appeals.*

■ The only issue remaining for this court to analyze is whether jurisdiction vests in this court due to any inadequacy in the statutorily provided remedies. The plaintiff has also requested declaratory relief under 28 U.S.C. § 2201, claiming that his constitutional rights have been violated. As far as the plaintiff's constitutional allegations are concerned, Rhode has not demonstrated, nor does this court find, that the court of appeals is an inadequate forum to examine any such violations. This court finds that the statutory remedies available are adequate and declines the plaintiff's request. "While the availability of another remedy does not preclude declaratory relief, a court may properly decline to assume jurisdiction in a declaratory action when the other remedy would be more effective or appropriate ..." *City of Highland Park v. Train,* 519 F.2d 681 (7th Cir.1975), *citing* 6A J. Moore, *Federal Practice* §§ 57.08[3] 57–43 (2d ed. 1974).

■ The plaintiff has also alleged that the agency exceeded its authority under 29 C.F.R. Subtitle A 18.29 by approving the settlement agreement between the plaintiff and the City. The plaintiff claims that this action constitutes illegality, which would entitle him to immediate relief; this court does not agree that an agency's exceeding its authority would vest jurisdiction in this district court. In the event an agency has exceeded its authority, a departure from the statutorily required review procedures only goes to the issue of *requiring the plaintiff to exhaust* administrative remedies, not to the agency's right to determine its jurisdiction. 5 Jacob A. Stein, Glenn A. Mitchell, & Basil J. Mezines, *Administrative Law* § 49.02[3] (1993). Nevertheless, this court does not agree with the plaintiff's argument even if it did impact this court's jurisdiction, as the regulations governing review of administrative orders clearly provide for such authority by the ALJ:

§ 18.9 **Consent order or settlement**

(a) *Generally.* At any time after the commencement of a proceeding, the parties jointly may move to defer the hearing for a reasonable time to permit negotiation of a settlement or an agreement containing findings and an order disposing of the whole or any part of the proceeding. The allowance of such deferment and the duration thereof shall be in the discretion of the administrative law judge, after consideration of such factors as the nature of the proceeding, the requirements of public interest, the representations of the parties and the probability of reaching an agreement which will result in a just disposition of the issues involved.

(b) *Content.* Any agreement containing consent findings and an order disposing of a proceeding or any part thereof shall also provide:

(1) That the order shall have the same force and effect as an order made after full hearing;

(2) That the entire record on which any order may be based shall consist solely of the complaint, order of reference or notice of administrative determination (or amended notice, if one is filed), as appropriate, and the agreement;

(3) A waiver of any further procedural steps before the administrative law judge; and

(4) A waiver of any right to challenge or contest the validity of the order entered into in accordance with the agreement. . . .

29 C.F.R. Subtitle A § 18.9 (1992). In the present case, the ALJ's recommended decision and order approving the settlement agreement closely adheres to 29 C.F.R. § 18, which he cites in the introduction to his determination:

I have reviewed the proposed Settlement Agreement and Release and find that it is in accord with the desires of the parties as expressed to me at the settlement conference. Moreover, I find that the proposed Settlement Agreement and Release would be in the best interests of the Complainant and that the resolution of this matter effectuates the purposes and policies of the statute under which the proceeding arises.

Having duly considered the matter, I make the following findings of fact and conclusions of law:

1. This Recommended Decision and Order Approving Settlement Agreement shall have the same force and effect as an order made after a full evidentiary hearing;

2. The entire record in this case shall consist solely of the Complaint, amended Complaint, Order of Reference and the Settlement Agreement and Release;

3. The parties are deemed to have waived any further procedural steps before the undersigned Administrative Law Judge; and,

4. The parties are deemed to have waived any right to challenge or contest the validity of this Recommended Decision and Order entered in accordance with the Settlement Agreement and Release.

United States Department of Labor, *Recommended Decision and Order Approving Settlement Agreement.*

This court does not find that any circumstances warrant a non-statutory review in departure from the statutorily prescribed procedures. This district court lacks subject matter jurisdiction, therefore, and the only course of action is to dismiss this plaintiff's suit under Fed.R.Civ.P. 12(h)(3): "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." As Judge Swygert, in affirming a district court's dismissal of a suit for lack of subject matter jurisdiction, stated: "[i]t is well established that a special statute vesting jurisdiction in a particular court cuts off the jurisdiction other courts might otherwise have under a more general statute." *Assure Comp. Transp., Inc. v. U.S.,* 629 F.2d 467, 471 (C.A.7th 1980), *cert. denied,* 449 U.S. 1124, 101 S.Ct. 941, 67 L.Ed.2d 110 (1981). This court, therefore, dismisses this case without prejudice. **SO ORDERED.**