XAVIER UNIVERSITY and Notre Dame
Seminary, Petitioners,

v.

NATIONAL TELECOMMUNICATIONS
AND INFORMATION ADMINISTRA-
TION, Respondent.

No. 80–3912
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.*
Unit A

Oct. 5, 1981.

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

Robert A. Marmet, Washington, D. C., Ashton R. Hardy, New Orleans, La., for petitioners.

Anthony J. Steinmeyer, Al J. Daniel, Jr., Civ. Div., Dept. of Justice, Washington, D. C., for respondent.

Before AINSWORTH, REAVLEY and RANDALL, Circuit Judges.

PER CURIAM:

In their petition, Xavier University and Notre Dame Seminary ask us to review an order of the National Telecommunications and Information Administration ("NTIA"), an agency within the United States Department of Commerce. After a six month exchange of correspondence between the petitioners, the NTIA, and the Nora Blatch Educational Foundation, Inc., the petitioners asked the Assistant Secretary of Commerce for Communications and Information, the Administrator of the NTIA, to revoke a grant from the Department of Commerce to the Foundation. The grant had been awarded earlier to the Foundation for the purpose of constructing a public radio station in New Orleans, Louisiana. *See* 47 U.S.C. §§ 390–394 (Supp. III 1979) (assistance for planning and construction of public telecommunications facilities). It was the petitioners' position throughout that the Foundation had not complied with the notice and publication requirements for applicants for grants and that the Foundation had misrepresented on its application that an individual was a member of the board of directors of WWOZ–FM, the radio station that the Foundation sought to construct with the grant. The director of the NTIA's Public Telecommunications Facilities Program responded by letter refusing to revoke the grant to the Foundation. The petitioners then filed directly in this court asking us to review the NTIA's actions. Because we are without jurisdiction to review directly a decision of the Secretary of Commerce or of the NTIA revoking or refusing to withhold funds to construct public telecommunications facilities under the Communications Act of 1934, we dismiss the petition.

As a court of limited subject matter jurisdiction, we are authorized to review decisions and orders of administrative agencies only as provided by acts of Congress. *Russell v. LEAA*, 637 F.2d 354, 355 (5th Cir. 1981); 16 C. Wright, A. Miller, E. Cooper & E. Gressman, Federal Practice and Procedure § 3940, at 301 (1977). No statute referred to in the petitioners' briefs or petition, nor uncovered in our research, vests this court with jurisdiction to review directly a decision of the Secretary of Commerce or the NTIA disbursing funds for the construction of public telecommunications facilities.

In seeking to acquire jurisdiction in this court, the petitioners place primary reliance on the Communications Act of 1934, ch. 652, 48 Stat. 1064 (codified as amended in 47 U.S.C.), which, as amended, establishes the Federal Communications Commission, *see*

*id.* § 1, 48 Stat. 1064 (codified as amended at 47 U.S.C. § 151 (1976)), and provides for judicial review of the Commission's orders in the United States courts of appeals, *see* 47 U.S.C. § 402(a) (1976). The petitioners argue that because the statute under which the Secretary of Commerce acts through the NTIA in distributing grants to construct telecommunications facilities is a part of the Communications Act of 1934, decisions of the Secretary are also reviewable in the courts of appeals. The petitioners, however, seriously misinterpret the Communications Act.

As enacted by Congress, the Communications Act of 1934, ch. 652, 48 Stat. 1064 (codified as amended in 47 U.S.C.), provided a comprehensive scheme of federal regulation of wire and radio communication. The Act established the Federal Communications Commission at the center of this web and charged it with "execut[ing] and enforc[ing] the provisions of th[e] Act." *Id.* § 1, 48 Stat. 1064 (codified as amended at 47 U.S.C. § 151 (1976)). Because the Commission was given both enforcement and decision-making responsibilities, *see* S.Rep. No. 781, 73d Cong., 2d Sess. 8–10 (1934), Congress also provided for judicial enforcement and review of its orders,[1] Communications Act § 402(a), 48 Stat. 1093 (codified as amended at 47 U.S.C. § 402(a) (1976)). Originally, enforcement or review of an order of the Commission was before a three-judge United States district court. *Id.*; S.Rep. No. 781, 73d Cong., 2d Sess. 8–10 (1934). As amended, the Communications Act of 1934 now provides for review in the United States courts of appeals. Communications Act Amendments, 1952, ch. 879, sec. 14, § 402(a) (codified at 47 U.S.C. § 402(a) (1976)).

> Any proceeding to enjoin, set aside, annul, or suspend any order of the Commission under this Act . . . shall be brought as provided by and in the manner prescribed in [section 2342 of the Judicial Code].

*Id.* Section 2342 of the Judicial Code states that

> [t]he court of appeals has exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of—
>
> (1) all final orders of the Federal Communications Commission made reviewable by section 402(a) of title 47; . . . .

28 U.S.C. § 2342 (1976 & Supp. III 1979).

■ Congress first authorized federal financial assistance for public, then known as educational, broadcast facilities in 1962. It acted by adding several sections to the Communications Act of 1934. *See* Act of May 1, 1962, Pub.L. No. 87–447, 76 Stat. 64. Unlike the remainder of the Communications Act, which was administered chiefly by the FCC, responsibility for grants for public broadcast facilities was placed with the Secretary of Health, Education, and Welfare. *Id.* To be sure, the FCC was authorized to assist the Secretary of HEW "in carrying out the" grant program, but such assistance was limited to "aid as may be requested by the Secretary." *Id.* § 395. As the report of the House and Senate conferees makes clear, Congress "placed the responsibility for the execution of this program in the Secretary of Health, Education, and Welfare." Conf.Rep. No. 1609, 87th Cong., 2d Sess., *reprinted in* [1962] U.S. Code Cong. & Ad. News 1614, at 1626. Thus, it was the Secretary of HEW who, under the Act, promulgated regulations, Act of May 1, 1962, Pub.L. No. 87–447, § 396, received applications, *id.* § 392(a), and, ultimately, approved them, *id.* § 392(d). Congress' decision to enact the financial assistance program as "an amendment to the Communications Act of 1934 . . . [was to] emphasi[ze] . . . [its] view that this program is a program aimed at promoting particular broadcast services within the general framework of broadcasting in the United States." Conf. Rep. No. 1609, 87th Cong., 2d Sess., *reprinted in* [1962] U.S. Code Cong.

---

**1.** At the same time, Congress provided for judicial review of certain decisions of the Federal Communications Commission exclusively in the United States Court of Appeals for the District of Columbia Circuit. Communications Act of 1934, ch. 652, § 402(b), 48 Stat. 1093 (codified as amended at 47 U.S.C. § 402(b) (1976)).

& Ad. News at 1626–27. Other than its limited role in assisting the Secretary as he requested, Congress left the FCC to carry out its other responsibilities under the Act.

Congress did not alter this administrative scheme when it revisited the Communications Act in 1978. Telecommunications Financing Act of 1978, Pub. L. No. 95–567, 92 Stat. 2405 (codified in 47 U.S.C.). At that time, Congress shifted the responsibility for administering the public broadcast facilities program from the Secretary of HEW to the Department of Commerce, H.R.Rep. No. 1178, 95th Cong., 2d Sess. 14, *reprinted in* [1978] U.S. Code Cong. & Ad. News 5345, at 5358; *see* Telecommunications Financing Act secs. 102–105, §§ 391–394, 92 Stat. 2405, so that it could be more effectively administered through the National Telecommunications and Information Administration.[2] Significantly, Congress also eliminated the advisory function of the FCC in awarding grants for public broadcast facilities.

█ Our review of the Communications Act of 1934 and the role of the United States courts of appeals in reviewing decisions of the FCC convinces us that we are without jurisdiction to review directly a decision of the Secretary of Commerce acting through the NTIA refusing to rescind a grant for public broadcast or telecommunications facilities. As we noted at the outset, we are without jurisdiction to review an agency decision unless authorized by an act of Congress. *Russell v. LEAA*, 637 F.2d 354, 355 (5th Cir. 1981). Our review of the Communications Act of 1934, the 1962 Amendments, and the Judicial Code persuades us that Congress intended for appellate court review only of decisions and orders of the FCC. As previously indicated, the Communications Act of 1934 and the Judicial Code provide *in verba* only for review of decisions and orders of the Commission. Moreover, the 1962 Amendments

"placed" "the full responsibility for the administration of the [grant] program ... with the Secretary," Cong.Rep. No. 1609, 87th Cong., 2d Sess., *reprinted in* [1962] U.S. Code Cong. & Ad. News at 1626, and we find nothing in either the 1962 Amendments or its legislative history that suggests that Congress intended that the actions of the Secretary in awarding federal financial assistance were to be construed as decisions or orders of the FCC. Nor is the Telecommunications Financing Act of 1978 of any aid to the petitioners in invoking our jurisdiction. As we have already shown, that act merely transferred administrative responsibility from one executive department to another. In sum, neither the Communications Act of 1934 nor its subsequent amendments provide this court with jurisdiction to review directly the actions of the Secretary of Commerce or the NTIA awarding or rescinding grants for public telecommunications facilities.

The petitioners next rely on the decision of the United States Court of Appeals for the District of Columbia Circuit in *Network Project v. Corporation for Public Broadcasting*, 561 F.2d 963 (D.C. Cir. 1977), *cert. denied*, 434 U.S. 1068, 98 S.Ct. 1247, 55 L.Ed.2d 770 (1978), as justifying jurisdiction in this court. The petitioners' reliance is misplaced. *Network Project* held only that the United States district court had jurisdiction to consider various claims against the Corporation for Public Broadcasting and several other government defendants. *Id.* at 968–69. It provides no support for petitioners' claim of direct review in a United States court of appeals.

█ Nor may petitioners predicate subject matter jurisdiction to review the decision of the Secretary or the NTIA on the Administrative Procedure Act, 5 U.S.C. §§ 701–706 (1976). In *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192

---

**2.** The NTIA was established by Reorganization Plan No. 1 of 1977, *reprinted in* 5 U.S.C. App. at 348 (Supp. III 1979). This reorganization combined the Executive Office of Telecommunications Policy from the Executive Office of the President with the Office of Telecommunications within the Department of Commerce.

*Id.* The NTIA administers the public broadcast facilities grant program under the Communications Act of 1934, as amended by the Public Telecommunications Financing Act of 1978, for the Department of Commerce. *See* 15 C.F.R. §§ 2301.1–2301.37 (1981).

(1977), the Supreme Court of the United States squarely held that "the [Administrative Procedure Act] does not afford an implied grant of subject-matter jurisdiction permitting federal judicial review of agency action." *Id.* at 107, 97 S.Ct. at 985.

The petition of Xavier University and Notre Dame Seminary to review an order of the National Telecommunications and Information Administration is DISMISSED.