**Antonio SOL, Petitioner, Appellant,**

v.

**UNITED STATES DEPARTMENT OF AGRICULTURE, Respondent, Appellee.**

No. 87–1866.

United States Court of Appeals, First Circuit.

Submitted Feb. 29, 1988.
Decided Feb. 29, 1988.

Joseph P. Harrington, Joseph P. Harrington P.C., New Bedford, Mass., for petitioner, appellant.

Aaron B. Kahn, Atty., Raymond W. Fullerton, Asst. Gen. Counsel, James Michael Kelly, Associate Gen. Counsel, U.S. Dept. of Agriculture, Washington, D.C., for respondent, appellee.

Before COFFIN, BOWNES and BREYER, Circuit Judges.

ORDER OF COURT

Petitioner entered into a contract with the United States Department of Agriculture to participate in the dairy termination program. Petitioner agreed to dispose of his dairy cattle in a certain manner and the Department agreed to pay a specified amount. Thereafter, petitioner was charged with violating the contract and a penalty was assessed. Petitioner pursued administrative appeals, the last one being to the Assistant Deputy Administrator, State and County Operations, Department of Agriculture. The Assistant Deputy Administrator altered the penalty is some respects. By decision dated July 28, 1987, he denied petitioner's motion for reconsideration. That decision stated that it constituted the completion of petitioner's administrative appeal rights under 7 C.F.R. Part 780. Over two months later, on October 5, 1987, petitioner filed a petition for review of the Assistant Deputy Administrator's decision in this court. The Department of Agriculture has now moved to dismiss the petition for review arguing this court lacks jurisdiction directly to review the administrative decision.

In response to the Department's motion, petitioner argues that the penalty decision was not one committed to the agency's discretion and hence the decision is reviewable. The question, however, at this stage is not whether the administrative decision is subject to judicial review, but rather what court has the jurisdiction to review it if it is reviewable.

Next, petitioner argues jurisdiction is grounded on Fed.R.App.P. 4(a) and 5 U.S.C. § 702. Rule 4(a) is not a jurisdictional statute, *see* Fed.R.App.P. 1(b) (rules do not extend or limit the jurisdiction of courts of appeal), and 7 U.S.C. § 702 was repealed in 1936. Hence, neither of these provisions avails petitioner. Nor is 5 U.S.C. § 702 an independent grant of subject matter jurisdiction. *Califano v. Sanders*, 430 U.S. 99, 104–107, 97 S.Ct. 980, 983–985, 51 L.Ed.2d 192 (1977). Petitioner has not pointed to— and we have not found—any jurisdictional basis for reviewing the administrative decision in the first instance. Hence this appeal must be dismissed for lack of jurisdic-

tion.[1]

*Appeal dismissed.*

---

1. According to the petitioner's contract, the dairy termination program petitioner entered is "authorized by section 201(d) of the Agricultural Act of 1949, as amended by the Food Security Act of 1985 (Pub.L. 99–198)." These statutory provisions are codified at 7 U.S.C. § 1446(d). Section 1446(d)(5)(c) states that persons assessed with various types of penalties may ob-

tain review of said penalties in a *district court* by filing a civil action not later than 30 days after the penalty is imposed. As petitioner's petition for review was filed in this court long after 30 days had expired, we will not transfer petitioner's petition for review to the district court.