## OFFICE OF THE GOVERNOR, TERRITORY OF GUAM, Petitioner,

v.

## DEPARTMENT OF HEALTH AND HUMAN SERVICES, ADMINISTRATION ON DEVELOPMENT DISABILITY, Respondent.

No. 92–70206.

United States Court of Appeals, Ninth Circuit.

Submitted May 4, 1993 *.

Decided June 25, 1993.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 3(f).

Calvin E. Holloway, Sr., Asst. Atty. Gen., Agana, Guam, for petitioner.

Anthony D. Steinmeyer, Henry D. Gabriel, Appellate Staff, Dept. of Justice, Civ. Div., Washington, DC, for respondent.

Before: GOODWIN, TANG, and NOONAN, Circuit Judges.

NOONAN, Circuit Judge:

The Governor of Guam (the Governor) appeals the decision of the Secretary of Health and Human Services (the Secretary) disapproving the Governor's change in designation of an agency in Guam to protect and advocate the rights of persons with developmental disabilities under 42 U.S.C. § 6042. We dismiss the appeal for lack of jurisdiction in this court.

## PROCEEDINGS

Under 42 U.S.C. § 6042 a state or territory may receive federal grants for persons with developmental disabilities, provided that it has in effect a system to protect and advocate these persons' rights. Under this

statute Guam, like a state, "must provide assurances satisfactory to the Secretary that the agency implementing the system will not be redesignated unless there is good cause for the redesignation" and unless there has been notice given of the intention to redesignate, notice and opportunity for public comment, and "the system has the opportunity to appeal to the Secretary that the redesignation was not for good cause." 42 U.S.C. § 6042(a)(5).

Guam designated the Marianas Association for Retarded Citizens (MARC) to be the agency serving as the advocacy system. On July 30, 1991, the Governor of Guam notified MARC that he was planning to remove it as the agency and to replace it with Parents and Agencies Network (PAN). The Governor gave notice and opportunity for public comment, and then designated PAN. MARC appealed. The Governor responded. On February 3, 1992, the Secretary ruled in favor of MARC and refused to permit the redesignation.

On April 3, 1992, the Governor appealed to this court, asserting that we had jurisdiction under Fed.R.App.P. 15 and under 42 U.S.C. § 6029, which provides: "If any State is dissatisfied with the Secretary's action under section 6022(c) of this title or section 6027 of this title, such State may appeal to the United States court of appeals for the circuit in which that State is located...."

On June 24, 1992, the Secretary moved to dismiss for lack of appellate jurisdiction. On July 6, 1992, the Governor moved to amend his petition to include as the basis of our jurisdiction 5 U.S.C. §§ 701–706 and 28 U.S.C. § 1331.

## ANALYSIS

The Governor of Guam asserts several bases on which this court might have jurisdiction. None of them establishes that jurisdiction exists:

*First.* The Developmental Disabilities Assistance and Bill of Rights Act, 42 U.S.C. § 6029, permits appeal from the Secretary's action under § 6022(c), which relates to the Secretary's approval of "any State plan and any modification thereof" for providing assistance to disabled persons. It also permits appeal under § 6027, which relates to the withholding of funds by the Secretary. The redesignation of an advocacy agency is neither approval nor modification of a plan nor the withholding of funds.

*Second.* 28 U.S.C. § 1331 gives the district courts original jurisdiction of civil actions arising under the laws of the United States. It does not refer to courts of appeals.

*Third.* Fed.R.App.P. 15 does not by itself confer jurisdiction. It merely prescribes the procedure for review of an agency action by a court of appeals otherwise authorized by statute to make the review. *Noland v. United States Civil Serv. Comm'n,* 544 F.2d 333, 334 (8th Cir.1976)

*Fourth.* The Administrative Procedure Act, 5 U.S.C. § 702, provides: "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." Despite the breadth of this language, the statute does not confer jurisdiction independent of some other specific statute. The Supreme Court so held as to the jurisdiction of the district court. *Califano v. Sanders,* 430 U.S. 99, 107, 97 S.Ct. 980, 985, 51 L.Ed.2d 192 (1977). *Califano's* teaching has been taken to apply to the jurisdiction of a court of appeals. *Sol v. USDA,* 843 F.2d 560 (1st Cir.1988); *Xavier Univ. v. National Telecommunications & Information Admin.,* 658 F.2d 306, 309–10 (5th Cir.Unit A Oct. 1981) (per curiam); *Matter of Chicago, Milwaukee, St. Paul and Pacific R.R.,* 799 F.2d 317, 335 (7th Cir. 1986), *cert. denied,* 481 U.S. 1068, 107 S.Ct. 2460, 95 L.Ed.2d 869 (1987). The issue has not been decided in this circuit, but we have no reason to differ from the view expressed by those circuits that have considered the matter. We have no jurisdiction.

The Governor is not shut out by our holding. The district court may hear a federal question "where the relief sought is nonmonetary and the claim avers a failure by a federal agency to act as required by law."

*Bedoni v. Navajo–Hopi Relocation Comm'n,*
854 F.2d 321, 325 (9th Cir.1988).

**DISMISSED, for want of jurisdiction.**